UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RH Funding XX, LLC, ) | Civil Action No. 2:18-cv-03052-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Amended Order of** |
| ) | **Foreclosure and Sale** |
| Joyce T. Hyatt as Personal ) | |
| Representative of the Estate of L. Dean ) | |
| Hyatt a/k/a Lyndon Dean Hyatt, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is one for foreclosure of a mortgage securing a promissory note from L. Dean Hyatt ("Hyatt") to Synovus Bank, Plaintiff RH Funding XX, LLC's ("Plaintiff") predecessor-in-interest. Plaintiff further seeks a judgment on the Hyatt Note and Security Agreement. The current matter is before the Court upon the consent of all parties to this action. As outlined herein, the Court grants the motion for summary judgment. (ECF No. 62.)

**Procedural Background**

Plaintiff commenced this foreclosure action on November 9, 2018. The Summons and Complaint were duly served on Hyatt by personal service. (*See* ECF No. 7.) On February 12, 2019, Plaintiff filed a motion for default judgment as to Hyatt. (ECF No. 15.) Hyatt filed a *pro se* response on March 22, 2019. (ECF No. 18.)

On or about June 5, 2019, Plaintiff filed a Suggestion of Death of Hyatt. (ECF No. 32.) On July 1, 2019, the Court entered an Order granting the motion to substitute Joyce T. Hyatt as Personal Representative of the Estate of L. Dean Hyatt (ECF No. 43); by

1

Text Order entered February 25, 2020, the Court substituted Jonathan E. Spitz as counsel of record for Joyce T. Hyatt, and attorney John F. McLeod was relieved as counsel (ECF No. 57). On March 27, 2020 the Court granted RH Fund XX, LLC's motion to be substituted as Plaintiff of record and J. Kershaw Spong as attorney for Plaintiff. (ECF No. 61.)

## Factual Background

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Plaintiff is a limited liability company organized and existing under the laws of the State of Oregon. Its principal place of business is the State of Oregon.

The Court has personal jurisdiction over Defendant Hyatt because he is a citizen and resident of South Carolina.

Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(2) because the most substantial part of the events giving rise to this action occurred in this judicial district, and the real property which is the subject of this action is located in this district, and pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial circuit.

With the formal discontinuance of the Home Affordable Modification Program (HMP) on December 31, 2016, South Carolina Administrative Order 2009-05-22-01 has expired by operation of law and is no longer applicable.

On or about December 23, 2014, Defendant Hyatt for value received, executed, and delivered to Plaintiff a promissory note (hereinafter, the "Note") in the principal sum

of One Million Two Hundred Fifty-Five Thousand and 00/100 Dollars ($1,255,000.00), the terms of which Note are more fully explained by reference thereto and a true and correct copy of which is attached as **Exhibit B** to the verified Complaint.

Simultaneously with the execution of the Note and in order to secure the payment thereof, Defendant Hyatt executed and delivered to Plaintiff that certain Real Estate Mortgage (hereinafter, the "Mortgage") dated December 23, 2014, and recorded in the Office of the Register of Deeds for Charleston County on January 26, 2015, in Mortgage Book 0453 at Page 643, wherein and whereby said Defendant Hyatt mortgaged to Plaintiff the real property (hereinafter "Property") more fully described herein as follows:

> All that certain piece, parcel or tract of land, with the improvements thereon, situate, lying and being on Edisto Island in the County of Charleston, State of South Carolina, being shown and designated as "KENNETH RENKEN TRACT" containing 15.28 acres, more or less, on a plat entitled "PLAT SHOWING THE READJUSTMENT OF PROPERTY LINE BETWEEN TRACT 'A' AND KENNETH RENKEN TRACT, S.C." prepared by George A.Z. Johnson, Jr., Inc;., dated November 21, 1980, and recorded in the RMC Office for Charleston County in Plat Book AR Page 113. Said tract having such size, shape dimensions, buttings and bounding as by reference to said plat will more fully and at large appear.
>
> Save and excepting a fifty-foot-wide strip of land used as a drainage ditch conveyed to Eva W. Seabrook to Charleston County by deed dated March 12, 1930 and recorded in the RMC Office for Charleston County in Book G36 Page 17, which strip is shown more particularly on a plat recorded in Plat Book AR Page 113.
>
> PARCEL 2: All that certain piece, parcel or tract of land, with the improvements thereon, situate, lying and being on Edisto Island in the County of Charleston, State of South Carolina, 2.82 acres, more or less, on a plat entitled "PLAT OF TRACT B & C -18.10 ACRES, TRACT A & B OWNED BY WOODMAN C & CYNTHIA B KAPP TRACT C OWNED BY HELEN M SUMERSETT, TRACT B ABOUT TO BE CONVEYED TO HELEN M. SUMERSETT, TRACTS B & C BEING COMBINED AS ONE TRACT, EDISTO ISLAND, CHARLESTON COUNTY, SC" prepared by Hager E. Metts, RLS, dated September 3, 1986, and recorded in the RMC

3

> Office for Charleston County in Plat Book BK Page 95. Said tract having such size, shape, dimensions, buttings and boundings as by reference to said plat will more fully and at large appear.
>
> Save and excepting a fifty-foot-wide strip of land used as a drainage ditch conveyed to Eva W. Seabrook to Charleston County by deed dated March 12, 1930 and recorded in the RMC Office for Charleston County in Book G36 Page 17, which strip is shown more particularly on a plat recorded in Plat Book AR Page 113.
>
> This being the same property conveyed to Lyndon Dean Hyatt by deed of Jeanne W. Applegate n/k/a Jeanne W. Applegate Towery, recorded in the Office of the Register of Deeds for Charleston County on August 24, 2012 in Book 0273 at page 369.
>
> TMS No. 029-00-00-041
> Property Address: 2986 Highway 174, Edisto Island SC 29438

A true and correct copy of said Mortgage is attached to the verified Complaint as **Exhibit C** and incorporated herein by reference.

The Note matured on December 23, 2015. Defendant Hyatt and Plaintiff entered into numerous amendments and forbearance agreements with respect to the Note thereafter, with the last such agreement being the Modification to Fourth Forbearance Agreement dated August 1, 2018 ("Forbearance Agreement") the terms of which Forbearance Agreement are more fully explained by reference thereto and a true and correct copy of which is attached to the Complaint as **Exhibit D** and incorporated herein by reference.

Plaintiff is the owner and holder of the Note, Mortgage and Forbearance Agreement.

Defendant Hyatt has defaulted in the payment of the Note and Mortgage and under the Forbearance Agreement by failing to pay Plaintiff, on demand, the principal and interest due under said documents. Said Note, Mortgage, and Forbearance

Agreement are therefore in default and Plaintiff has declared and does hereby declare the entire balance of principal to be immediately due and payable.

The Mortgage is a valid first lien on the Property.

There is due and unpaid on the Note, Mortgage, and Forbearance Agreement as of November 5, 2018 the principal amount of One Million One Hundred Sixty-Nine Thousand Ninety-Four and 72/100 Dollars ($1,169,094.72), and interest in the amount of Seventy-Seven Thousand Four Hundred Twenty and 05/100 Dollars ($77,420.05), late charges in the amount of Five Thousand Two Hundred Seventy-Two and 62/100 Dollars ($5,272.62), June 15 to July 14, 2019 receiver invoice property preservation in the amount of Thirty Thousand Two Hundred Eight-One and 15/100 Dollars ($30,281.15), July 15 to August 24, 2019 receiver invoice property preservation in the amount of Six Hundred Two and 31/100 Dollars ($602.31), August 25 to September 24, 2019 receiver invoice property preservation in the amount of One Thousand Two Hundred Sixty-Five and 76/100 Dollars ($1,265.76), and November 25 to December 24, 2019 receiver invoice property preservation in the amount of Eight Hundred Thirty and 42/100 Dollars ($830.42).  Demand has been made upon Defendant Hyatt to pay said amounts but Defendant Hyatt has refused to pay the same, or any part thereof, and said refusal is continuing, all to Plaintiff's injury and damage in the sum of One Million Two Hundred Eighty-Four Thousand Seven Hundred Sixty-Seven and 03/100 Dollars ($1,284,767.03), plus reasonable attorney's fees and the costs and expenses of this action.

Plaintiff hereby expressly seeks a judgment against the Estate of Hyatt pursuant to S.C. Code Ann. § 29-3-650 for the full amount due under the Note in the amount of

One Million Two Hundred Eighty-Four Thousand Seven Hundred Sixty-Seven and 03/100 Dollars ($1,284,767.03) as of April 2, 2020, plus ongoing interest thereon, plus reasonable attorney's fees and the costs and expenses of this action.

Plaintiff also hereby expressly seeks the foreclosure and sale of the Property pursuant to S.C. Code Ann. § 29-3-650. The judgment entered against the Estate of Hyatt shall be credited by the amount of the high bid entered at any subsequent foreclosure sale of the Property, as provided in the statute. Plaintiff reserves the right to any deficiency judgment as to Defendant Hyatt after crediting the bid.

## Conclusions of Law

In an action on a note, when the note is attached to the complaint and the execution of the note is not contested, the plaintiff is entitled to recover on the note in the absence of the pleading and proof of an affirmative defense. S.C. Code Ann. § 36-3-308 (1976); *See Conran v. Yeager*, 211 S.E.2d 228 (S.C. 1975).

Based on the relief Plaintiff requested in its Complaint and based on the above undisputed facts, the Court hereby orders the following relief in this matter:

a) There is due to Plaintiff on the Note and Mortgage set forth above the sum of $1,284,767.03, representing the "Total Debt" due Plaintiff as set forth above as of April 2, 2020.

b) The "Total Debt" and later accrued interest on the principal shall constitute the total judgment debt due Plaintiff and shall bear interest hereafter at the judgment rate of interest.

c) The Plaintiff does hereby have personal judgment on the Note and Mortgage and Forbearance Agreement against the Defendant Estate of L. Dean Hyatt

in the amount of $1,284,767.03 and later accrued interest on the principal. The Clerk of Court is hereby ordered to enter this judgment immediately. Any proceeds of the sale of property called for herein shall be entered as a partial satisfaction of said judgment.

  d) That if the Estate of L. Dean Hyatt shall, on or before the date of sale of the property hereinafter described, pay to Plaintiff or Plaintiff's attorney the amount of Plaintiff's debt as outlined herein and in the pertinent documents in the Record, together with the costs and disbursements of this action, the sale shall be cancelled.

  e) That on default of payment at or before the time herein indicated, the mortgaged premises described in the Mortgage, as hereinafter set forth, shall be sold by the United States Marshall for the State of South Carolina (or his designee) at public auction at the Charleston County Judicial Center, on some convenient sales day hereafter (and should the regular day of judicial sales fall on a legal holiday, then and in such event, the sales day shall be on Tuesday next succeeding such holiday), on the following terms, that is to say:

    1. FOR CASH:  The United States Marshall for the State of South Carolina (or his designee) shall require a deposit of 5% on the amount of the bid (in cash or equivalent), same to be applied to the purchase price only upon compliance with the bid, but in case of non-compliance within twenty days, same to be forfeited and applied to the costs and Plaintiff's debt.

    2. The sale shall be subject to taxes and assessments, existing easements, and easements and restrictions of record.

    3. Plaintiff's Mortgage constitutes a first priority mortgage as to the property covered.

4. Purchaser to pay for deed stamps and costs of recording the deed.

5. Plaintiff shall be entitled to credit bid up to the entire amount of its judgment debt.

6. The sale shall be conducted and advertised by the United States Marshall for the State of South Carolina (or his designee) in the same manner as foreclosure sales conducted in the state courts.

7. The minimum bid at the said sale shall be $500,000.

a) If Plaintiff be the successful bidder at the said sale for a sum not exceeding the amount of costs, disbursements, expenses and the indebtedness of Plaintiff in full, Plaintiff may pay to the United States Marshall for the State of South Carolina (or his designee) only the amount of the costs, disbursements and expenses, crediting the balance of the bid on Plaintiff's indebtedness.

b) As a personal or deficiency judgment is demanded, the bidding will remain open for a period of thirty (30) days after the date of sale as provided by law in such cases.  However, Plaintiff shall have the right to waive deficiency up to the time of the sale.

c) That the United States Marshall for the State of South Carolina (or his designee) shall, by advertisement according to law, give notice of the time and place of sale and the terms thereof, and shall execute to the purchaser or purchasers a deed to the premises sold. Plaintiff, or any other party to this action, may become a purchaser at such sale, and if, upon such sale being made, the purchaser or purchasers should fail to comply with the terms thereof within twenty days after date of sale, then the United States Marshall for the State of South Carolina (or his designee) may advertise the said

premises for sale on the next or some other subsequent sales day, at the risk of the highest bidder, and so from time to time thereafter until a full compliance shall be secured.

d) That the United States Marshall for the State of South Carolina (or his designee) shall apply the proceeds of the sale as follows:

> FIRST: To the payment of the amount of the costs and expenses of this action;
>
> NEXT: To the payment to Plaintiff or Plaintiff's attorneys of the amount of the Total Debt due Plaintiff and interest thereon, or so much thereof as the purchase money will pay on the same;
>
> NEXT: Any surplus will be held pending further order of the Court.

e) It is further ordered that in the event the successful bidder is other than the Defendant in possession herein, the United States Marshall for the State of South Carolina (or his designee) is ordered and directed to eject and remove from the premises the occupants of the property sold, together with all personal property located thereon, to put the successful bidder or his assigns in full, quiet, and peaceable possession of said premises without delay, and to keep said successful bidder or his assigns in such peaceable possession.

f) The following is a description of the premises herein ordered to be sold:

All that certain piece, parcel or tract of land, with the improvements thereon, situate, lying and being on Edisto Island in the County of Charleston, State of South Carolina, being shown and designated as "KENNETH RENKEN TRACT" containing 15.28 acres, more or less, on a plat entitled "PLAT SHOWING THE READJUSTMENT OF PROPERTY LINE BETWEEN TRACT 'A' AND KENNETH RENKEN TRACT, S.C." prepared by George A.Z. Johnson, Jr., Inc;., dated November 21, 1980, and recorded in the RMC Office for Charleston County in Plat Book AR

Page 113. Said tract having such size, shape dimensions, buttings and bounding as by reference to said plat will more fully and at large appear.

Save and excepting a fifty-foot-wide strip of land used as a drainage ditch conveyed to Eva W. Seabrook to Charleston County by deed dated March 12, 1930 and recorded in the RMC Office for Charleston County in Book G36 Page 17, which strip is shown more particularly on a plat recorded in Plat Book AR Page 113.

PARCEL 2: All that certain piece, parcel or tract of land, with the improvements thereon, situate, lying and being on Edisto Island in the County of Charleston, State of South Carolina, 2.82 acres, more or less, on a plat entitled "PLAT OF TRACT B & C -18.10 ACRES, TRACT A & B OWNED BY WOODMAN C & CYNTHIA B KAPP TRACT C OWNED BY HELEN M SUMERSETT, TRACT B ABOUT TO BE CONVEYED TO HELEN M. SUMERSETT, TRACTS B & C BEING COMBINED AS ONE TRACT, EDISTO ISLAND, CHARLESTON COUNTY, SC" prepared by Hager E. Metts, RLS, dated September 3, 1986, and recorded in the RMC Office for Charleston County in Plat Book BK Page 95. Said tract having such size, shape, dimensions, buttings and boundings as by reference to said plat will more fully and at large appear.

Save and excepting a fifty-foot-wide strip of land used as a drainage ditch conveyed to Eva W. Seabrook to Charleston County by deed dated March 12, 1930 and recorded in the RMC Office for Charleston County in Book G36 Page 17, which strip is shown more particularly on a plat recorded in Plat Book AR Page 113.

This being the same property conveyed to Lyndon Dean Hyatt by deed of Jeanne W. Applegate n/k/a Jeanne W. Applegate Towery, recorded in the Office of the Register of Deeds for Charleston County on August 24, 2012 in Book 0273 at page 369.

TMS No. 029-00-00-041
Property Address: 2986 Highway 174, Edisto Island SC  29438

g) That if Plaintiff or Plaintiff's representative does not appear at the scheduled sale of the above-referenced property, then the sale of the property will be null, void, and of no force and effect. In such event, the sale will be rescheduled for the next available sales day.

10

h)     Plaintiff (or its designee, including a designated appraiser) shall be given access to the properties described in the Mortgage for the purposes of inspection and appraisal during normal business hours on Monday through Friday within fifteen (15) days of the date of entry of this Order with a time to be mutually agreed upon.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

June 25, 2020
Charleston, South Carolina

11